UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICO DEVON SEARCY, #341463,

        Petitioner,

v.                                                    CASE NO. 4:16-CV-14208
                                                    HONORABLE TERRENCE G. BERG

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE HABEAS CASE AS
DUPLICATIVE, DIRECTING THE CLERK'S OFFICE TO FILE
THE BRIEF IN SUPPORT IN PETITIONER'S PRIOR HABEAS CASE,
DENYING A CERTIFICATE OF APPEALABILITY, AND
<u>DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Derrico Devon Searcy ("Petitioner") challenges his convictions one count of second-degree murder and three counts of assault with intent to commit murder after a jury trial in the Wayne County Circuit Court. Petitioner was sentenced to 30 to 50 years imprisonment on the murder conviction and concurrent terms of 20 to 30 years imprisonment on the assault convictions in 2010. In his pleadings, he raises claims of error concerning denial of motions for severance and a directed verdict (sufficiency of the evidence), jury bias, newly-discovered evidence, and the effectiveness of appellate counsel.

There is already a federal habeas action before this Court by this very Petitioner challenging the same state convictions. *See Searcy v. Palmer*, Case No.

4:16-CV-13779 (E.D. Mich.) (Berg, J.). A suit is duplicative, and subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See, e.g., Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). Such is the case here. The Court must therefore dismiss this second habeas case as duplicative. *See Harrington v. Stegall,* 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *Colon v. Smith*, 2000 WL 760711, *1, n. 1 (E.D. Mich. May 8, 2000); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss a habeas petition as duplicative of a pending habeas petition when the second petition is essentially the same as the first petition).[1] Accordingly, the Court **DISMISSES** the instant habeas case as duplicative. This dismissal is without prejudice to Petitioner's habeas action in Case No. 4:16-CV-13779. Additionally, the Court **DIRECTS** the Clerk's Office to file the brief in support submitted in this case as a brief in support in Petitioner's prior habeas action. This case is now closed.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a

---

[1]The Court notes that the duplicative filing may have been due to the fact that the instant case appears to consist of a brief in support of the initial petition, but was not marked with the prior case number by Petitioner or the Clerk's Office.

certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be take in good faith. Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2017

### Certificate of Service

I hereby certify that this Order was electronically submitted on December 21, 2017, using the CM/ECF system, which will send notification to each party.

s/H. Monda
Case Manager
in the absence of A. Chubb